In the Matter of **BARRACO AND COMPANY, Bankrupt.**

**Helen CORBETT, Claimant-Appellant,**

v.

**Louis D. TANNENBAUM, Trustee in Bankruptcy of the Estate of Barraco and Company, Appellee.**

No. 72–1449.

United States Court of Appeals, Tenth Circuit.

Argued March 27, 1973.

Decided May 18, 1973.

---

Dean R. Mitchell, Salt Lake City, Utah (Phil L. Hansen, Salt Lake City, Utah, on the brief), for appellant.

Herschel J. Saperstein, Salt Lake City, Utah, for appellee.

Before PICKETT, HILL and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Helen Corbett appeals from an Order of the United States District Court for the District of Utah affirming a decision of the Referee in Bankruptcy denying her petition to reclaim certain stock certificates from the Trustee.

Corbett purchased 93,000 shares of Classic Mining Company stock between July and October of 1969 through Barraco and Company, a stockbrokerage firm. She paid Barraco the purchase price. Certain Classic Mining Company stock certificates were "tagged" by Barraco for Corbett. They were not, however, delivered to her. These particular stock certificates were received by Barraco for delivery pursuant to orders of purchase made by stock customers other than Mrs. Corbett.

Barraco filed a petition for arrangement under Chapter XI of the Bankruptcy Act on November 5, 1969. On February 5, 1970 Barraco petitioned to be adjudged bankrupt because it was unable to work out an arrangement with its creditors. The Bankruptcy Court entered an order to that effect on that date. Corbett thereafter filed suit to recover her stock.

Barraco was insolvent on October 17, 1969 when the stock certificates were "tagged" for Mrs. Corbett. The "tagging" occurred within four months of the initial petition for bankruptcy on November 5, 1969. The "tagging" occurred when some employee or officer of Bar-

raco placed copies of Mrs. Corbett's purchase order confirmation slips on 93,000 shares of Classic Mining Company stock certificates in its possession.

The District Court made the following Findings of Fact and Conclusions of Law based on stipulations:

### FINDINGS OF FACT

1. That the applicant Helen Corbett purchased 93,000 shares of the capital stock of Classic Mining Company through the bankrupt above named. That the applicant fully paid the purchase price thereof to the bankrupt.

2. That none of the certificates delivered to the bankrupt pursuant to the orders of purchase made by the applicant were in the possession of the Trustee on the date of the filing of the initial petition herein, November 5, 1969.

3. That on the date of the filing of the initial petition herein, 93,000 shares of Classic Mining Company represented by five separate stock certificates were in the possession of the Trustee tagged for the applicant.

4. *None of the certificates so tagged for the applicant were deposited with the bankrupt by the applicant nor delivered to the bankrupt pursuant to the orders of purchase made by the applicant. All of said certificates so tagged were either deposited with the bankrupt by a stock customer other than the applicant or delivered to the bankrupt pursuant to the orders of purchase made by stock customers other than the applicant.*

5. That the certificates tagged for the applicant were so tagged within one week prior to October 17, 1969. *That the bankrupt was insolvent at the time said certificates were tagged and that said tagging occurred within four months of the filing of the initial petition herein on November 5, 1969.* (Emphasis ours).

### CONCLUSIONS OF LAW

Based upon the foregoing Findings of Fact, the court concludes that applicant has no specific title to said certificates of stock nor are said securities specifically identifiable within the meaning of Section 60e of the Bankruptcy Act and her application to reclaim securities should be denied.

The sole issue presented is whether Corbett is entitled to reclaim the securities within the custody and control of the Bankruptcy Court pursuant to Section 60(e) of the Bankruptcy Act, which provides:

No cash received by a stockbroker from or for the account of a customer for the purchase or sale of securities, and *no securities* or similar property *received by a stockbroker* from or *for the account of a cash customer* for sale and remittance or *pursuant to purchase* or as collateral security, or for safekeeping, or any substitutes therefor or the proceeds thereof, *shall for the purposes of this subdivision (e) be deemed to be specifically identified, unless such property remained in its identical form in the stockbroker's possession until the date of bankruptcy, or unless such property* or any substitutes therefor or the proceeds thereof *were, more than four months before bankruptcy* or at a time while the stockbroker was solvent, allocated to or physically set aside for such customer, and remained so allocated or set aside at the date of bankruptcy. 11 U.S.C.A. § 96(e)(4). (Emphasis ours.)

Corbett alleges that the securities were paid for and identifiable under § 60(e)(4), and that the four-month rule and date of Barraco's insolvency is immaterial. She alleges that since 93,000 shares of Classic were "tagged" with her name thereon, and remained in Barraco's possession in identical form until bankruptcy, that she is entitled to reclaim the stock. We disagree.

We must accept the findings of the Referee in Bankruptcy as approved and adopted by the District Court unless they are clearly erroneous. Ryan v. Rolland, 434 F.2d 353 (10th Cir. 1970); Wolfe v. Tri-State Insurance Company, 407 F.2d 16 (10th Cir. 1969).

According to the stipulations, the stock securities actually "tagged" for Mrs. Corbett were not delivered to Barraco for Corbett's account, but were received by Barraco for the accounts of other customers; and the particular securities so "tagged" were not received by Barraco pursuant to Corbett's purchase order or for her account as required by § 60(e)(4). These stipulations are supported by the exhibits admitted into evidence. Trustee's Exhibit #8 is a business record kept by Barraco for Corbett's account. Her total purchase order was for 93,000 shares of Classic stock. Exhibit #8 specifically identifies the certificate numbers of stock which Corbett was to receive pursuant to her orders. Corbett's confirmation slips were tagged to certificates bearing numbers other than those evidenced by Exhibit #8.

Corbett relies on In Re McMillan, Rapp & Co., 38 F.Supp. 40 (E.D.Pa. 1941), aff'd, In Re McMillan, Rapp & Co., 123 F.2d 428 (3rd Cir. 1941), to establish her right to reclaim the "tagged" securities. *McMillan* is distinguishable. There the certificates were received by the bankrupt for the specific accounts of certain cash customers. The stipulations in the case at bar state that Barraco did not receive the "tagged" certificates for Corbett's account, but rather for the account of other customers.

Securities are not adequately identifiable within § 60(e)(4) unless they are received for the specific account of a cash customer. Corbett did not establish that the securities were so identifiable. They were not received for her account.

The securities claimed by Mrs. Corbett must be administered as part of the single and separate fund for the benefit of all like stock customers of the bankrupt pursuant to § 60(e).

Affirmed.